

**FILED**

SEP 10 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MATTHEW W. HARRINGTON,
Inmate Booking No. 03-4977-01,

                      Plaintiff,

      vs.

DEBORAH LETAI, M.D.;
DR. CHAUDHARY,

              Defendants.

Civil No.    13cv1848 BEN (MDD)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; and**

**(2) SUA SPONTE DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

     Plaintiff, currently housed at the Utah State Hospital located in Provo, Utah, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].  Plaintiff claims his constitutional rights were violated when he sought medical treatment at Alvarado Hospital in 2006.  (*See* Compl. at 1.)

## I.  MOTION TO PROCEED IFP

     All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

1  of $400. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure

2  to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to

3  28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

4  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee

5  in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C.

6  § 1915(b)(1) & (2).

7       The Court finds that Plaintiff has submitted an affidavit which complies with 28

8  U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account

9  statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  Plaintiff's trust

10 account statement shows that he has insufficient funds from which to pay filing fees at

11 this time. *See* 28 U.S.C. § 1915(b)(4).  Therefore, the Court **GRANTS** Plaintiff's

12 Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C.

13 § 1915(b)(1).  However, the entire $400 balance of the filing fee mandated shall be

14 collected and forwarded to the Clerk of the Court pursuant to the installment payment

15 provisions set forth in 28 U.S.C. § 1915(b)(1).

16 **II.   SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A**

17      The PLRA also obligates the Court to review complaints filed by all persons

18 proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any

19 facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of

20 criminal law or the terms or conditions of parole, probation, pretrial release, or

21 diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C.

22 §§ 1915(e)(2) & 1915A(b).  Under these provisions, the Court must sua sponte dismiss

23 any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails

24 to state a claim, or which seeks damages from defendants who are immune. *See* 28

25 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000)

26

27

28

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1  (§ 1915A); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§
2  1915(e)(2)).

3  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua
4  sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.
5  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v.*
6  *Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now
7  mandate that the court reviewing an IFP or prisoner's suit make and rule on its own
8  motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant
9  to Federal Rule of Civil Procedure 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only
10 permits, but requires a district court to dismiss an in forma pauperis complaint that fails
11 to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)
12 (discussing 28 U.S.C. § 1915A).

13 "[W]hen determining whether a complaint states a claim, a court must accept as
14 true all allegations of material fact and must construe those facts in the light most
15 favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting
16 that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").
17 In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi*
18 *v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil
19 rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

20 In his Complaint, Plaintiff alleges that on "December 29, 2006, I was poisoned
21 with rat poison in my coffee" and went to Alvarado Hospital for treatment. (Compl. at
22 3.) While not entirely clear, Plaintiff appears to allege that Defendants, two doctors at
23 Alvarado Hospital, failed to provide him with adequate medical care. Plaintiff makes
24 no allegations that he was incarcerated at the time he was seeking medical treatment at
25 Alvarado Hospital.

26 Section 1983 imposes two essential proof requirements upon a claimant: (1) that
27 a person acting under color of state law committed the conduct at issue, and (2) that the
28 conduct deprived the claimant of some right, privilege, or immunity protected by the

1  Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451

2  U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327,

3  328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

4       To the extent Plaintiff seeks to hold either of these Defendants liable pursuant to

5  § 1983, his Complaint fails to allege any facts sufficient to show that a private entity or

6  their employee acted "under color of state law." *Franklin v. Fox*, 312 F.3d 423, 444 (9th

7  Cir. 2001); *see also Kirtley  v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While

8  generally not applicable to private parties, a § 1983 action can lie against a private party"

9  only if he is alleged to be "a willful participant in joint action with the State or its

10  agents." (citation and quotation marks omitted)).  Here, because it is not clear whether

11  there was any state action on the part of Defendants, the Court finds that Plaintiff cannot

12  satisfy the first prong of § 1983 and the action must be dismissed.

13       Even if Plaintiff would be able to allege facts to satisfy § 1983, the Court must

14  also dismiss the Complaint as frivolous.  A complaint is frivolous "where it lacks an

15  arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  Plaintiff's allegations

16  indicate that he sought medical treatment because his coffee was poisoned with rat

17  poison. (*See* Compl. at 3.) He also alleges that he had a stroke but instead it appears that

18  he claims he was diagnosed with a sexually transmitted disease. (*Id. at* 3-4.) Based on

19  these allegations, the Court finds the claims in Plaintiff's Complaint  to be frivolous

20  because they lack even "an arguable basis either in law or in fact," and appear "fanciful,"

21  "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

22       Finally, where the running of the statute of limitations is apparent on the face of

23  the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of*

24  *San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific

25  statute of limitations, federal courts apply the forum state's statute of limitations for

26  personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*

27  *v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.

28  1999).  Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d

1   at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.*

2   (citing CAL. CIV. PROC. CODE § 335.1).

3          Unlike the length of the limitations period, however, "the accrual date of a § 1983

4   cause of action is a question of federal law that is not resolved by reference to state law."

5   *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44

6   (1989) (federal law governs when a § 1983 cause of action accrues). "Under the

7   traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation

8   begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S.

9   at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when

10   the plaintiff knows or has reason to know of the injury which is the basis of the action.").

11          Here, Plaintiff seeks to hold Defendants liable for events which occurred in 2006.

12   Thus, Plaintiff would have reason to believe that his constitutional rights were violated

13   seven years ago. *See Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955.

14    However, Plaintiff did not file his Complaint in this case until August 8, 2013, which

15   exceeds California's statute of limitations. *See* CAL. CIV. PROC. CODE § 335.1; *Jones*,

16   393 F.3d at 927. Plaintiff does not allege any facts to suggest how or why California's

17   two-year statute of limitations might be tolled for a period of time which would make

18   his claims timely. *See, e.g.*, CAL. CIV. PROC. CODE § 352.1 (tolling statute of limitations

19   "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d

20   911, 916 (9th Cir. 1999) (finding that CAL. CIV. PROC. CODE § 352.1 tolls a California

21   prisoner's personal injury claims accruing before January 1, 1995 for two years, or until

22   January 1, 1995, whichever occurs later, unless application of the statute would result

23   in a "manifest injustice").

24          Even assuming Plaintiff was incarcerated at the time these events occurred,

25   Plaintiff's Complaint would still be time barred. Pursuant to *Fink*, Plaintiff's claims

26   against Defendants, accruing in 2008, would be tolled for two years. California's two-

27   year statute of limitations would then begin to run, requiring Plaintiff to file this action

28   against these Defendants no later than 2010. Generally, federal courts also apply the

1  forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los*
2  *Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).  Under California law, however, a plaintiff
3  must meet three conditions to equitably toll a statute of limitations: (1) he must have
4  diligently pursued his claim; (2) his situation must be the product of forces beyond his
5  control; and (3) the defendants must not be prejudiced by the application of equitable
6  tolling.  *See Addison v. State*, 21 Cal. 3d 313, 316-17 (1978); *Hull v. Cent. Pathology*
7  *Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (2d Dist. 1994); *see also Fink*, 192 F.3d
8  at 916.  Here, however, Plaintiff has failed to plead any facts which, if proved, would
9  support the equitable tolling of his claims.  *See Cervantes*, 5 F.3d at 1277.   Thus,
10  Plaintiff's claims against Defendants arising in 2006 must be dismissed pursuant to 28
11  U.S.C. § 1915(e)(2) because it appears from the face of the pleading that Plaintiff's
12  claims are time-barred. *Id.*

13       Accordingly, Plaintiff's entire Complaint  must be dismissed for failing to state
14  a claim upon which section 1983 relief may be granted and as frivolous.  *See* 28 U.S.C.
15  § 1915(e)(2)(B)(ii) & 1915A(b).

16  **III.**    **CONCLUSION AND ORDER**

17       Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

18       1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No.
19  2] is **GRANTED**.

20       2.    The Warden, or his designee, shall collect from Plaintiff's trust account the
21  $400 balance of the filing fee owed in this case by collecting monthly payments from the
22  account in an amount equal to twenty percent (20%) of the preceding month's income
23  and forward payments to the Clerk of the Court each time the amount in the account
24  exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE
25  CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS
26  ACTION.

27       3.    The Clerk of the Court is directed to serve a copy of this Order on Warden,
28  Utah State Hospital, P.O. Box 270, Provo, Utah 84603-0207.

1    **IT IS FURTHER ORDERED** that:

2        4.      Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state

3   a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. §

4   1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45)

5   days leave from the date this Order is filed in which to file a First Amended Complaint

6   which cures all the deficiencies of pleading noted above.  Plaintiff's Amended

7   Complaint must be complete in itself without reference to his previous pleading. *See*

8   S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-alleged in the

9   Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567

10  (9th Cir. 1987).

11       5.      The Clerk of Court is directed to mail a court approved form civil rights

12  complaint to Plaintiff.

13       **IT IS SO ORDERED.**

14  DATED: _9/6/13_

15                                                    HON. ROGER T. BENITEZ
                                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-                                                      13cv1848 BEN (MDD)